IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

NO.  2:25-CR-104-Z (01)

CHASE A. FAIN (01)

## FACTUAL RESUME

In support of Chase A. Fain's plea of guilty to the offense in Count Two of the

Indictment, Fain, the defendant, Natalie Archer and Paul Herrmann, the defendant's

attorneys, and the United States of America (the government) stipulate and agree to the

following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the Indictment, charging a violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), that is, Possession with Intent to

Distribute 500 Grams or More of Methamphetamine, the government must prove each of

the following elements beyond a reasonable doubt:[1]

*First.*      That the defendant knowingly possessed a controlled substance;

*Second.*    That the substance was in fact methamphetamine;

*Third.*     That the defendant possessed the substance with the intent to
             distribute it; and

*Fourth.*    That the quantity of the substance was at least 500 grams or more of
             methamphetamine.

To "possess with intent to distribute" simply means to possess with intent to

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Chase A. Fain**
**Factual Resume—Page 1**

deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## STIPULATED FACTS

1.      On or about September 5, 2025, in the Amarillo Division of the Northern District of Texas, the Southern District of Texas, and elsewhere, Chase A. Fain, defendant, did knowingly or intentionally possess with intent to distribute 500 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

2.      On September 5, 2025, Amarillo Police Department (APD) officers learned that Chase A. Fain was in Amarillo, Texas at a residence.  Officers observed Fain's Harley Davidson motorcycle parked at the residence.  Surveillance later observed Fain leave the residence and driving the motorcycle.  During surveillance, an officer observed Fain fail to signal a lane change, a violation of the Texas Transportation Code.  APD officers followed Fain to a residence in Potter County and conducted a traffic stop in front of the residence.

3.      During the traffic stop, Fain was arrested for failing to have a motorcycle endorsement on his Texas driver's license.  During a search of Fain incident to arrest, officers located three clear plastic baggies containing suspected methamphetamine in a backpack Fain was wearing.  The packages had a gross weight of 5.5 pounds.  Officers also located a large amount of U.S. currency and a Polymer 80, model PFC9, 9mm caliber handgun, serial number CA33008, inside the backpack.

Chase A. Fain
Factual Resume—Page 2

4.    Officers conducted an interview with Fain. An officer read Fain his *Miranda* warnings. Fain waived his rights and agreed to make a statement. During the interview, Fain admitted to distributing methamphetamine in order to pay his bills. Fain admitted that he picked up ten pounds of methamphetamine the previous night. Fain admitted to possession of the methamphetamine found in his backpack. Fain also claimed possession of the firearm and stated that he carries the firearm for protection.

5.    The suspected methamphetamine was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 2,404 grams and a purity level of approximately 98 percent.

6.    Fain admits that he knowingly possessed with intent to distribute 500 grams or more of a controlled substance, namely methamphetamine, a Schedule II controlled substance.

7.    The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the Indictment.

Chase A. Fain
Factual Resume—Page 3

AGREED TO AND STIPULATED on this 12th day of _January_ , 2025.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
Chase A. Fain
Defendant

/s/ Natalie Archer
_____
Natalie Archer and Paul Herrmann
Attorneys for Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel:  806-324-2356
Fax:  806-324-2399
Email:  anna.bell@usdoj.gov